UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMSEY BERRY,<br><br>       Plaintiff,<br><br> v.<br><br>SINATRA, *et al.*,<br><br>       Defendants. | 1:24-cv-00552-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

      Plaintiff Ramsey Berry is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff names as Defendants several officers with the Visalia Police Department.[1] Plaintiff alleges that his Fourteenth Amendment right to substantive due process was violated after he was shot several times by his wife following Defendants' failure to place an involuntary mental health hold on Plaintiff's wife or to confiscate firearms from Plaintiff's house. (ECF No. 2 at 26-33).[2]

      Defendants have filed a motion for judgment on the pleadings and to dismiss Plaintiff's First Amended Complaint. (ECF No. 7). However, Plaintiff has not responded to the motion and the time to do so has passed.

---

[1] Plaintiff also lists as defendants Does 1-40. (ECF No. 2 at 26, 31).
[2] Page citations refer to the blue page numbers generated by the CM/ECF system that appear at the top of each page.

For reasons stated below, the Court recommends that this case be dismissed without prejudice for failure to prosecute and failure to comply with a court order.[3]

## I. BACKGROUND

Plaintiff originally commenced this action in the Superior Court of California, County of Tulare, on July 14, 2023. (ECF No. 2 at 2). The action was subsequently removed to federal court on May 10, 2024. (*Id.*). Prior to removal, Plaintiff filed a First Amended Complaint. (*Id.* at 22-33).

After filing an answer on May 13, 2024, the named Defendants filed a motion for judgment on the pleadings and to dismiss Plaintiff's First Amended Complaint on August 5, 2024. (ECF Nos. 6, 7). On August 16, 2024, the motion was referred by the assigned District Judge to the undersigned for the preparation of findings and recommendations. (ECF No. 9). On August 29, 2024, Defendants filed a "reply" arguing that the motion should be granted because Plaintiff had failed to file a response within the time set forth under Local Rule 230(c). (ECF No. 11). In consideration of Plaintiff's *pro se* status, the Court issued a *sua sponte* extension of time for Plaintiff to respond to the motion on September 4, 2024. (ECF No. 12). The order granting the extension advised Plaintiff "that failure to file a response by this date may result in dismissal of this case." (*Id.*).

The extended deadline to respond has now passed, and Plaintiff has not filed a response to Defendants' motion.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy

---

[3] Because the Court finds that dismissal is warranted on these grounds, the Court does not address the substance of Defendants' motion.

2

favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

### III.   ANALYSIS

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has failed to respond to Defendants' motion for judgment on the pleadings and to dismiss Plaintiff's First Amended Complaint, despite the Court's *sua sponte* extension of time. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute this case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *Id.* at 643, and it is Plaintiff's failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff has not made any filing or otherwise appeared in this case since it was removed five months ago, the Court has little assurance that issuing monetary

1  sanctions would not require ongoing Court supervision. And, given the stage of these
2  proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal
3  *without* prejudice *is* the lesser sanction available to the Court. Under Federal Rule of Civil
4  Procedure 41(b), a court may dismiss an action *with* prejudice for failure to comply with court
5  orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626,
6  630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by the Court because
7  "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been
8  considered an 'inherent power,' governed not by rule or statute but by the control necessarily
9  vested in courts to manage their own affairs so as to achieve the orderly and expeditious
10 disposition of cases.") Therefore, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

## IV.    CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, it is **RECOMMENDED** that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections shall be limited to fifteen (15) pages including exhibits.**

\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 10, 2024**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE